IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Yanesha Alvarn

　　　　Plaintiff,

vs.

MICHAEL NUTTER,, MAYOR OF PHILADELPHIA;, LOUIS GIORLA,, COMMISSIONER OF PHILADELPHIA, PRISON SYSTEM;, JOHN DELANEY, , WARDEN OF CURRAN-FROMHOLD, CORRECTIONAL FACILITY;, DEFENANTS,

　　　　Defendant

: Case No.: **13 3529**
: JURY TRIAL DEMANDED
: CIVIL ACTION

## ACTION

1. This is an action under 42 U.S.C. § 1983, seeking damages and other relief arising out of the violation of plaintiff's Constitutional rights during a course of confinement within the Philadelphia Prison System.

## PARTIES

2. Plaintiff, Yanesha Alvarn is an individual citizen of the United States, who currently resides in Pennsylvania.

-1-

3.  Defendant Michael Nutter, Mayor of Philadelphia is a municipality, which owns, operates, controls and promulgates policies governing the PPS, including but not limited to policies affecting conditions of confinement for pretrial detainees and convicts housed within the system.

4.  Defendant Louis Giorla is the Commissioner of the Philadelphia Prison System (PPS). He is charged with the managing and overseeing all daily operations at CFCF.

5.  Defendant John Delaney is the Warden at Curran-Fromhold Correctional Facility (CFCF). He is charged with the managing and overseeing all operations at CFCF.

## FACTS

6.  The population confined within the PPS consists of a significant number of pretrial detainees resumed innocent of a crime. The remainder of the population consists primarily of convicted persons sentenced to term of less then two years imprisonment, and other convicted persons awaiting transfer to state or federal prisons.

7.  The Plaintiff is currently housed on a unit originally constructed to hold 64 inmates. However, due to severe overcrowding conditions, the general population units house 96 inmates, while the quarantine units house 112 inmates.

8.  Of the 112, and 96 inmates, the plaintiff is forced to live in a 7'x10' cell with two other inmates; the cell was originally designed to hold two people, but due to severe overcrowding a third man sleeps on a

-2-

plastic "boat" next to the cells toilet and is exposed to urine and fecal matter.

9. The plaintiff has spent the "majority of the period of his pretrial detention" confine to his overcrowded and unsanitary cell. Plaintiff's harsh conditions of nearly continues lockdowns are subjecting him to; inadequate medical care, "risk of serious harm," barring basic "life's necessities" and/or "human needs," barring him access to the courts and alienating him from his family.

10. As a direct result of the severe overcrowding, the plaintiff is subject to constant lockdowns, which prevent him from showering on a daily basis or maintaining an otherwise clean appearance.

11. The constant lockdowns prevent adequate sanitation of the cells, unit and showers. The showers that are operable are covered with black mold and in disrepair, and the cells are infested with insects and rodents.

12. The basic, pervasive overcrowding in the PPS is related to, and made worse by other deleterious conditions maintained by the City as a matter of practice and policy. These conditions include:

   a) Inadequate "day room" and recreational space;
   b) Poor ventilation and air quality, and maintenance of exhaust grills and intake vents are in unsanitary or "plugged" conditions;
   c) Routine provision to inmates of torn, stained or damaged mattresses, often with no cover, or with a stained sheets, towels and blankets;

-3-

    d) Maintenance of inadequate laundry practices, including a systematic failure to assure that inmates laundry is done each week, and failure to assure that the laundry is returned in a properly dry condition, forcing inmates to wash there clothes in sinks and toilets in the cells, further exacerbating the unhealthy and crowded conditions therein and increasing the risk of infectious disease;

    e) Failure to train correction officers and other staff to supervise, manage or deal adequately with the overcrowded and unhealthy conditions in the PPS.

13. Triple-celling leaves an unconscionably small amount of unencumbered space within the cells, as well as impede movement and egress, forcing inmates into close physical proximity, engendering a high risk for the spread of infectious disease, physical injury, and violence.

14. As a result of overcrowding, the attendant security and safety problems it causes, and the City's deliberate failure to provide adequate staffing, the PPS population as a whole has increasingly been subjected to extended periods of "restricted movement" and "lockdowns" resulting in a denial of access to important program services.

15. As further result of overcrowding, CFCF is understaffed. Constant lockdowns are due to a shortage of staff members, most of whom chronically call-out of work or refuse to work and/or refuse to open-up in the dangerous and unhealthy conditions created by the severe overcrowding.

## DECLARATION

16. Plaintiffs rights to the **FIRST, FIFTH, EIGHTH, and FOURTEENTH AMENDMENTS** of the **United States Constitution** are being violated as a pretrial detainee by the Commonwealth Administration known as Mayor of Philadelphia and City managing director where funds are being devoted to obstruct the plaintiff's aforementioned rights under the Constitution by placing the plaintiff in four (4) man cells, converted from recreation storage closets, without windows, manual light switches and/or desk, as well as being placed in three (3) man cells, which were initially only designed for two (2) man celling, which actually violated the aforementioned Amendments, as well as City Codes, Fire Codes, Personal Space Clause, Boca Laws and Occupancy.

17. The aforementioned defendants named in this Civil Action are employees of the County of Philadelphia, (i.e. City Managing Director, Commissioner and Warden of Curran-Fromhold Correctional Facility). Therefore, these employees are considered and/or labeled as employees in this action. "Under Color of State Law" in which they have violated the plaintiffs aforementioned Constitutional Rights in their respected positions and/or status there of.

## RELIEF REQUESTED

18. For the foregoing reasons, in regard to the defendants violating the plaintiff's rights under local City Codes, Fir Codes, Personal Space Clause, Occupancy Laws and Boca Laws, which has ultimately

violated the plaintiffs right under the aforementioned Amendments under the United States Constitution, the plaintiff now seeks $ 5,000.00 in compensatory damages as well as seeks $ 1,500.00 in punitive damages for each day the plaintiff was unlawfully housed in a four man cell, as well as been housed unlawfully in a three man cells.

I declare under the penalty of perjury that the foregoing is true and correct.

I also declare that the foregoing civil action and/or complaint is being mailed to the clerk of the United States District Court of the Eastern District of Pennsylvania, Postage pre-paid by U.S. Mail

On this 18th day of June, 2013,

Date: June 18th, 2013

Respectfully submitted

Signed: _____

7901 State Road

Philadelphia, PA. 19136

(Batts).